### No. 34
### OHIO GROCERY CO. v. W. VA. MACARONI Co.
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 19, 1923

959. PROCESS—Service of summons on cross-petition setting up counter claim as defense on promissory note held not required.

FARR, J.

#### Epitomized Opinion

Action in Mahoning Common Pleas on a promissory note. Defendant Macaroni Co. filed an answer and cross-petition admitting the note and its non-payment, and filed also a cross-petition in counter claim, the first cause of action of which set up that Macaroni Co. sold to Grocery Co. a car load of macaroni for $2250; and that Grocery Co. paid $1250 in cash and gave the "said note" for the balance, and that the macaroni, on its receipt, was found to be worm-eaten and wholly unfit for use. No summons was issued on the cross-petition. Plaintiff made a motion for judgment on the pleadings which was sustained by the trial court and judgment entered Defendant prosecutes error. Held:

959. PROCESS—Service of summons on cross-petition with the cause of action contained in the petition. Plaintiff submitted itself to the jurisdiction of the trial court, concerning the whole controversy relating to the note. Hence defendant could maintain the counter claim as against the note without the service of process on the plaintiff. The trial court erred in entering judgment on the pleadings. Reversed and remanded.

Attorneys—J. M. Modarelli and Carl Armstrong, Youngstown, for defendant; Carter & Sheets and Harrington, Deford, Huxley & Smith, Youngstown, for plaintiff.

---

### No. 35
### BOARD OF EDUCATION v. JUERGENS
### SAME v. FEATHERSTONE
Ohio Appeals, 8th Dist., Cuyahoga County
Nos. 5108, 5109. Decided Nov. 12, 1923

865. OFFICE AND OFFICERS—Clerks of Board of Education are not officers with respect to salary changes.

297. CONTRACTS. Recovery back of money by board of education paid on alleged unauthorized contract to pay clerks without placing them in statu quo is denied.

LEVINE, J.

#### Epitomized Opinion

Defendants were employed as clerks of the Board of Education of West Park at salaries of $600 and $1,000 a year respectively. When West Park became a part of the City of Cleveland the duties of defendants were greatly increased and their salaries were consequently raised to $1500 a year each. These suits were to recover back the increase which was alleged to have been illegally paid. Demurrers to the answers setting forth these facts were overruled in the Common Pleas, to which rulings plaintiff prosecuted error, urging that since defendants were appointed for a definite period of time their compensation could not legally be increased within that time. Held:

The duties of defendants were of a clerical and ministerial character. Defendants were employes of the board and not in any sense public officers. Their compensation might therefore be altered at will.

Moreover, the relief sought for here is to recover money already paid to these defendants. By State v. Fronzier, 77 OS. 7, money paid on an unauthorized contract cannot be recovered back without putting the defendant in statu quo unless the statute plainly authorizes it. No such intention is expressed in our statutes. Judgment affirmed.

Attorneys—George W. Perry, for Board; Robert A. Graham, for Juergens; Wm. W. Dawson, for Featherstone, all of Cleveland.