**WILKINS et, v. TRIMBUR, Aud.**

Common Pleas Court, Trumbull County.

No. 56378.   Decided March 9, 1949.

Guarnieri & Secrest, Warren, for plaintiff.
David M. Griffith, Pros. Atty., Warren, for defendant.

## OPINION

By GRIFFITH, J.

Plaintiffs are duly appointed, qualified and acting members of the Board of Elections of Trumbull County, Ohio, having received their appointments from the Secretary of State of the state of Ohio for a period of four years, commencing March 1, 1946, and expiring February 28, 1950.

At the time of their respective appointments, plaintiffs' compensation as such members of the Board of Elections was determined by the provisions of §4785-18 GC.

According to the 1940 federal census, the population of Trumbull county was 132,315, and no federal census has been taken since that time.  At the time of plaintiff's appointment, the city of Warren had a population, according to the

1940 federal census, of 42,837; the city of Niles a population of 16,273; and the city of Girard a population of 9,805: said cities being the only cities in Trumbull county, and all were registration cities.

On January 2, 1948, all precincts of Trumbull county were registration precincts.

On the basis of the population of Trumbull county and the registration cities. of Warren, Niles and Girard, the annual compensation of the plaintiffs, as determined by the provisions of §4785-18 GC then in 'effect at the time of their appointment, was $1,590.00; payable monthly at the rate of $132.50 per month.

Effective January 2, 1948, the General Assembly of the state of Ohio amended §4785-18 GC, and upon the basis of the formula set forth in said Section as amended, the annual compensation of the plaintiffs would have been increased to $2,320.00; payable in monthly installments of $193.33.

As a result of the informal ruling by the Attorney General, the two members of the Board of Elections whose terms began in March 1948 are now drawing the full amount of the compensation provided in §4785-18 GC as amended; whereas plaintiffs whose terms began on March 1, 1946 are receiving compensation on the basis of the provisions of §4785-18 GC in effect at the beginning of their terms.

On October 21, 1948, a voucher was presented to the defendant as auditor of Trumbull county, in the amount of $547.49, for each of the plaintiffs, which amount represented the accumulated back compensation since January 2, 1948, to which each of the plaintiffs would be entitled under §4785-18 GC as amended, effective January 2, 1948.

No part of said increase has been paid to the plaintiffs, and the defendant auditor of Trumbull county refused to issue his warrants upon the treasurer, payable to the plaintiffs for payments on the basis of said increase.

**Article 2, Sec. 20, of the Ohio Constitution,** provides as follows:

"Section 20: TERM OF OFFICE, AND COMPENSATION OF OFFICERS IN CERTAIN CASES.

The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term unless the office be abolished."

The question presented in the instant case is: Whether or not members of the Board of Elections of Trumbull county are public officers within the meaning of this Section of the Constitution; or whether they are merely employees of the state, whose compensation is not controlled by the Constitutional provisions denying the right to any change in compensation during their term of office.

All persons in the public employ are not classed as officers; and, while the general principles distinguishing 'public officers' from 'public employees' have been uniformly stated by the Supreme Court, the application of those principles have lead to a wide variety of opinions in connection with practically every phase of public employment.

In the case of State ex rel. v. Craig, 10 O. Dec. Page 577, the court, on November 30, 1900, held:

"Deputy state supervisors of elections, being responsible to the secretary of state as principal election officer, do not act in an independent capacity and for this reason lack the distinguishing characteristics of public officers. They are not officers, within the legal definition of that terms, and, though their jurisdiction may be coterminous with that of the county, they are not county officers or within **Sec. 1, Art. 10, of the constitution,** providing that the general assembly shall provide by law for the election of such township and county officers as may be necessary. * * *."

This decision of the Common Pleas Court of Cuyahoga county was appealed and affirmed by the Supreme Court without opinion, in **64 Oh St, Page 588.**

While the election laws in Ohio have been changed since this decision, and a new Constitution has been adopted by the state in the intervening years, the general principles upon which the court in that case based its opinion are still in effect; and the theory of the election laws remain the same.

Members of the Board of Elections are no longer called 'Deputy State Supervisors and Inspectors of Elections', but are now designated as 'Board of Elections' in the several counties; but the Secretary of State remains the chief election officer of the State, and §4785-1 GC, provides:

"There shall be in each county of the State a Board of Elections consisting of four qualified electors of the county, who shall be appointed by the Secretary of State, as representatives of the Secretary of State, to serve for the term

of four years and until their successors have been appointed and qualified."

The duties of the Board of Elections, as set forth in §4785-13 GC, indicates that they are limited almost exclusively to ministerial acts; such as providing proper facilities for the conducting of elections, printing of ballots, establishment of polling places, canvassing of election returns, and the issuance of Certificates of Election, all, however, under the supervision and direction of the Secretary of State.

These boards are required to make annual reports to the Secretary of State, and summarize the results of all elections, and perform such duties as are prescribed by the Secretary of State in his rules.

When the board members can not agree on questions that are submitted to it, the Secretary of State is the authority that may decide; and his decision is final.

The Secretary of State may remove members of the board, or the clerk, or deputy clerk, under certain circumstances; and it is evident from these controlling powers that the Secretary of State has been clothed with by the Legislature that he should remain the sovereign function of the state, and responsibility for the elections rests squarely upon his shoulders, and the members of the Board of Elections are merely representatives of the Secretary of State. His supervision of their activities is complete. This lack of capacity for independent action is such that it deprives them of one of the necessary and essential characteristics of an officer within the meaning of the Constitution.

Public employees classified as deputies have been held not to be public officers within the meaning of that term. Deputy assessors are not officers; 15 O.N.P. (N. S.) 535; Assistant Prosecuting Attorneys are not officers, State ex rel. v. Taylor, 3 O.N.P. (N.S.) 505; Deputy County Treasurer is not a public officer, State v. Meyers, 56 Oh St, 340, but a mere agent of the treasurer; a city fireman is not a public officer, State ex rel. v. Jennings, 57 Oh St 415; the Clerk of the Board of Education is not a public officer, Board of Education v. Juergens, 2 Abs 58; Superintendent of a county infirmary is not a holder of public office within the meaning of the Constitution, 76 Oh St 210; a Clerk of the Board of County Commissioners is not a public officer, Supreme Court in State ex rel v. Commissioners, 95 Oh St 157—In this case the Supreme Court pointed out that while the clerk of the county commissioners performed certain duties with respect to the public functional powers imposed upon him, they were not those which consti-

tuted a part of the sovereignty of the state; it was pointed out that the county commissioners are the officials who are in fact clothed with the sovereign power of the state, and the duties of the clerk are incidental thereto, and purely clerical.

Members of the Jury Commission are not public officers, **State v. Kendle, 52 Oh St 346**; the Health Commissioner is not a public officer, **State ex rel v. Hamrock, 142 Oh St 290; 27 O. O. 236**, a State Librarian is not a public officer within the contemplation of the Constitution, **State ex rel. Skinner, 128 Oh St, 325**; a **Deputy** Clerk of Probate Court is not a public officer, **Warwick v. The State, 25 Oh St 21**; Members of a County Building Commission are not public officers, **State ex rel. v. Callow, 110 Oh St, 367.**

From these decisions it is apparent that for one to be a public officer such a one MUST be clothed with independent capacity equal to the act of the sovereign state.

A review of these decisions indicates that members of the board of election are merely deputies, performing certain functions coterminous with the county in which they are appointed on behalf of and representatives of the Secretary of State and chief election officer, their functions are, in a large measure, clerical and ministerial, they are subject to the instructions and directions, and rules and regulations, and authority of the Secretary of State; their functions and duties are those of deputies; that the change of the name from 'deputy state supervisor of elections', as provided in former laws, to that of 'members of the Board of Elections' has not changed the essential characteristics of the position; the functions of the office, therefore, lack that independence in the exercise of the sovereignty of the state necessary to characterize them as public officers.

IT IS THEREFORE, the conclusion of the court that the members of the Board of Elections, the plaintiffs in this case, whose term commenced on March 1, 1946, and expire on February 28, 1950, are not limited by the provisions with respect to compensation as provided in **Article 2, Section 20, of the Constitution**; and should be entitled to the additional compensation allowed to them, and intended for them by the Legislature in its amendment to **§4785-18.**